816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wendell HALL, Defendant-Appellant.
 No. 86-3588.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant Wendell Hall ("defendant") appeals the judgment of conviction entered by the United States District Court for the Northern District of Ohio upon his plea of guilty. Defendant plead guilty to one count of unarmed robbery in violation of 18 U.S.C. Sec. 2113(a). He claims on appeal that his guilty plea was not knowingly and voluntarily entered and that the District Court erred in denying his motion to withdraw the guilty plea. We affirm the District Court's denial of defendant's motion to withdraw his plea.
 
 
 2
 On November 21, 1985, defendant was charged with one count of armed bank robbery in violation of 18 U.S.C. Sec. 2113(d) and one count of the use of a deadly weapon while committing a crime of violence in violation of 18 U.S.C. Sec. 924(c). The charges arose out of the robbery of a savings and loan company in Ohio on May 7, 1985. The tellers were robbed of $2,282.00 that had been deposited with the bank and insured by the Federal Deposit Insurance Corporation.
 
 
 3
 Defendant originally entered a plea of not guilty before the magistrate. The parties then indicated that there was to be a change of the plea and a Rule 11 hearing was conducted on March 11, 1986. The plea agreement provided that defendant would enter a plea of guilty to unarmed robbery, a lesser included offense of Count I. The government agreed to dismiss Count II and to recommend to the Bureau of Prisons certain institutions in which to incarcerate defendant. The government also agreed to suggest that defendant be separated from members of certain gangs. At the hearing, defendant's counsel acknowledged that the government's presentation of the plea agreement was correct, but also suggested that the government agree to make the Bureau of Prisons aware of defendant's fear of the Hell's Angels.[1] The government agreed to this request and defendant indicated that he was satisfied with the arrangement.
 
 
 4
 The District Court then continued with the Rule 11 proceeding by asking defendant whether he was satisfied with the services of the appointed attorney. Defendant responded affirmatively. The Court stated the charges to which defendant was pleading guilty and advised him of the penalty for the offense. Defendant stated that he understood the charges against him and explained to the Court why he had robbed the bank. In accordance with Rule 11, the Court then advised defendant regarding the rights that he was waiving by entering a guilty plea and defendant indicated that he understood the consequences of his decision. The Court accepted the guilty plea.
 
 
 5
 On June 6, 1986, defendant filed a pro se motion to set aside his plea and to relieve counsel. Defendant stated that he had learned that he had been indicted in Ottawa County, Ohio, on charges of aggravated armed robbery arising out of the 1985 bank robbery. He claimed that he thought his guilty plea disposed of all charges arising out of the robbery and that he would not have entered a guilty plea had he known he would later face state charges.
 
 
 6
 The District Court conducted a sentencing hearing on June 9, 1986, at which defendant's appointed counsel appeared with defendant. The Court addressed defendant's motion to withdraw his plea. The Court emphasized that it had "no control over the state charges," and that it could not "commit the state to drop charges, or not to prosecute, or anything." Joint Appendix at 45-46. The government noted that no promises had been made regarding state charges. The rest of the hearing was devoted to a discussion of the institutions to which defendant preferred to be sent. The Court agreed to recommend two institutions and the government agreed to recommend another three. Id. at 56. Defendant stated that this arrangement was satisfactory, and the Court sentenced him to twenty years imprisonment and dismissed Count II. Defendant appeals the judgment of conviction and the Court's denial of his motion to withdraw the guilty plea.
 
 
 7
 Defendant claims that his guilty plea was not entered voluntarily and knowingly, because the Court did not advise him regarding his plea in accordance with Rule 11 and because he received ineffective assistance of counsel. He asserts that he would not have entered a guilty plea had he known that he would face state charges and that he was unaware that the Court could not guarantee that he would be placed in one of the recommended institutions. We reject defendant's arguments and affirm the District Court's denial of his motion to withdraw his guilty plea.
 
 
 8
 Both the plea agreement and the discussions at the Rule 11 proceeding established that defendant was pleading guilty to a federal charge. The District Court explained the charges against defendant by stating that "because those deposits were insured by the Federal Deposit Insurance Corporation, it makes it a Federal offense." Joint Appendix at 71. No representations were made that defendant's guilty plea might dispose of related state charges. It is also clear from the plea agreement and the Rule 11 proceeding that the Court and the government agreed only to recommend certain institutions in their communications with the Bureau of Prisons. The Court and the government both made their intentions clear and defendant himself acknowledged that the Court had no jurisdiction after sentencing. Defendant was therefore not misled regarding either the possibility that state charges would be brought or that he would be assigned to a prison that he did not choose. Moreover, the Court had no affirmative duty pursuant to Rule 11 to inform defendant of such collateral consequences of his guilty plea. A plea is voluntary so long as the direct consequences of the plea are understood. See Brady v. United States, 397 U.S. 742, 755 (1970). We find defendant's claim that his lack of knowledge should be ground for withdrawing his guilty plea to be without merit.
 
 
 9
 We also find no evidence that the services of the counsel appointed to represent defendant were deficient. Defendant claims that his attorney failed to inform him regarding the consequences of a guilty plea. Specifically, he argues that his attorney should have told him that he would be indicted in state court and that his guilty plea in federal court could be used against him in a state court trial. In addition, he argues that he should have been told that the prison system could assign him to any prison and that the recommendations of the Court and the government would not be binding. A defendant is not entitled to an errorless representation. Defendant must show that his attorney's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Counsel's failure to inform defendant of every collateral consequence of his guilty plea is not sufficient ground for finding ineffective assistance of counsel. Furthermore, it appears from the record that defendant should have been aware that he was pleading guilty to a federal charge and that he would not necessarily be assigned to the prison of his choice.
 
 
 10
 We find that defendant's guilty plea was knowingly and voluntarily entered. We therefore affirm the District Court's denial of defendant's motion to withdraw his guilty plea.
 
 
 
 [1]
 Defendant alleged that he had been instrumental in obtaining pleas from several members of the Hell's Angels group